ORIGINAL

FILED

Nov 17  9 47 AM '04

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

Alan J. Kessel, Esq. (Cal. Bar No.: 130707)
Suzanne M. Burke, Esq. (Cal. Bar No.: 188597)
Kimberly R. Colombo, Esq. (Cal. Bar No.: 210451)
**BUCHALTER, NEMER, FIELDS & YOUNGER**
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, California 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

Attorneys for Plaintiff DIRECTV, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIRECTV, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>RICHARD JOHNSON,<br><br>    Defendant. | Civil No. C04 04893 HRL<br>[Severed From: 03-CV-04173 JF]<br><br>**SEVERED COMPLAINT AGAINST RICHARD JOHNSON FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES, AND FOR INJUNCTIVE RELIEF** |

ADR E-FILING

ORIGINAL FILED

SEP 12 2003

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

1  DANIEL E. MARTYN, JR. (State Bar No. 138122)
   JOHN E. MORAN (State Bar No. 94179)
2  DIANA S. PONCE-GOMEZ (State Bar No. 187136)
   DANNER & MARTYN, LLP
3  100 E. Thousand Oaks Blvd., Suite 244
   Thousand Oaks, California 91360
4  Telephone: (805) 777-8700
   Facsimile: (805) 778-0736
5
6  Attorneys for Plaintiff
   DIRECTV, INC.
7

8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10                    SAN JOSE DIVISION

11 | DIRECTV, INC., a California corporation,   | CASE NO.: C05 01178 JF EAI
12 |                  Plaintiff,                 |
13 | v.                                          | COMPLAINT FOR COMPENSATORY,
                                                   STATUTORY AND OTHER DAMAGES, AND
14 | RICHARD BRESLIN; SEAN DINH;                 | FOR INJUNCTIVE RELIEF
   | RICHARD A. JOHNSON; KELSON TRAN,            |
15 |                                             |
   |                  Defendants.                |
16

17     Plaintiff DIRECTV, Inc. ("DIRECTV") hereby complains as follows with respect to its claims
18 arising under federal question jurisdiction 28 U.S.C. §§ 1331 and 1338(a).

19                        **NATURE OF THIS CASE**
20     1.   DIRECTV is the nation's leading direct broadcast satellite system, delivering over 225
21 channels of television and other programming to more than 10 million homes and businesses in the
22 United States. DIRECTV's television programming currently includes major cable networks, studio
23 movies and special events programming, as well as a variety of sports and other special interest
24 programming. DIRECTV, a California company, has invested more than $1.25 billion to develop its
25 direct broadcast satellite system.
26     2.   DIRECTV encrypts – electronically scrambles – its satellite transmissions to provide
27 security for and prevent unauthorized viewing of its satellite television programming. DIRECTV
28 offers its television programming to residential and business customers on a subscription and pay-per-

CONFORM AND RETURN                    DUPLICATE

view basis only. Each customer is required to obtain a DIRECTV Access Card and other system hardware (including a small satellite dish) and create an account with DIRECTV. Upon activation of the Access Card by DIRECTV, the customer can receive and view in a decrypted format (*i.e.*, unscrambled) those channels to which the customer has subscribed or otherwise made arrangement to purchase from DIRECTV.

3. On May 25, 2001, DIRECTV executed Writs of Seizure, with the assistance of local law enforcement, at the mail shipping facility used by several major sources of pirate technologies including, but not limited to, White Viper Technologies ("White Viper"). During and subsequent to the raids, DIRECTV came into possession of a substantial body of sales records, shipping records, email communications, credit card receipts and other records, including but not limited to, additional records obtained from White Viper on September 14, 2001. Those records evidence each defendant's purchase of illegal "Pirate Access Devices" (as defined herein). In reliance upon those records and other information, and upon information and belief, DIRECTV sets forth the allegations in this Complaint.

4. On or about November 2002, DIRECTV obtained records from The Royal Canadian Mounted Police ("RCMP") which were obtained by the RCMP from an individual named Reginald Scullion. Mr. Scullion's business records relate to his operation of companies named "Avantec" and "Vcipher Technologies" (hereinafter "Avantec"). Importantly, the business records turned over to DIRECTV evidence ongoing illegitimate enterprise which focused on distributing electronic devices primarily designed for the surreptitious interception of satellite communications broadcast by DIRECTV. The records included orders, invoices, electronic communications, shipping documentation, product descriptions and customer lists related to the distribution of Pirate Access Devices.

5. Avantec specialized in the alteration and sale of pirated DIRECTV access cards and other equipment used to illegally receive DIRECTV's satellite signals, thus enabling users to watch pay per-view television channels without having to pay the broadcasters. Mr. Scullion was physically located in Chemin De La Mairie (Mountain Ranches Road) Kegaud, Canada, but due to the expansive reach of internet sales, Scullion was able to conduct business nationwide and across many countries.

Avantec customers ordinarily placed orders through a website operated by Avantec known as vcipher.com. Avantec clients are residents of Canada and the United States, as well as citizens of Central and South America. Scullion himself has been involved actively in the theft of telecommunication services since 1988. He has been known for a number of years to Canadian and U.S. authorities for his illegal activities. The business records obtained evidence the purchases made by Defendant SEAN DINH. Importantly, as the defendant is a United States residents, defendant's acts of ordering and sending Pirate Access Devices to and from a Canadian source constitutes importation and exportation of Pirate Access Devices, and such conduct violates federal statutory communications law (47 U.S.C. § 605(e)(4)).

6. Each record obtained confirmed the existence of a distribution source for the country-wide transmission of devices primarily designed for the unauthorized interception of DIRECTV's Satellite Programming. More pertinently, the business records obtained pursuant to these events evidence defendant's purchases of Pirate Access Devices. The devices or items were then shipped to customers via United States mail or commercial carrier. The devices in question were primarily in the assistance in the unauthorized decryption of DIRECTV Satellite Programming. In reliance on those records and other information, and upon information and belief, DIRECTV brings this lawsuit against the Defendant for Defendant's purchase, possession, importation, and/or use of Pirate Access Devices.

7. Each defendant is a resident of this District. DIRECTV alleges that each defendant has purchased and used illegally modified DIRECTV Access Cards and Pirate Access Devices that are designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV.

8. Each defendant's activities violate federal telecommunication and wiretapping laws and common law. Specifically, each defendant's actions violate the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 and the Electronic Communications Privacy Act ("Federal Wiretap Laws"), 18 U.S.C. §§ 2510-2521. As a result of each defendant's decision to obtain Pirate Access Devices and the detrimental impact that such activities have on the company, DIRECTV brings this action seeking damages and injunctive relief against each defendant's continued possession and/or use of Pirate Access Devices.

3.

ODMA\PCDOCS\DOCS\115397\1

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 47 U.S.C. § 605(e)(3)(A) and 18 U.S.C. § 2520(a) because the claims in this action arise under the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 and the Electronic Communications Privacy Act ("Federal Wiretap Laws"), 18 U.S.C. §§ 2510-2521.

10. This Court may exercise supplemental jurisdiction pursuant 28 U.S.C. § 1367(a) over the state law claims asserted herein.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because each defendant is a resident of this district and is subject to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

12. Assignment of this action to the San Jose Division of the United States District Court for the Northern District of California is proper pursuant to Civil Local Rule 3-2(c) and Civil Local Rule 3-2(e) because the events which give rise to the claims in this action occurred in the county of Santa Clara.

## PARTIES

13. Plaintiff DIRECTV, Inc. is a corporation duly incorporated under the laws of the State of California. DIRECTV has significant interests in maintaining and securing the integrity of its satellite transmissions of television programming, and in prohibiting the unauthorized reception and use of the same.

14. Defendant RICHARD BRESLIN is a resident of San Jose, California. Upon information and belief, beginning in or about July, 2000, Defendant RICHARD BRESLIN purchased one or more Pirate Access Devices from White Viper. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the United States Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transaction:

   (a) On or about July 20, 2000, Defendant RICHARD BRESLIN purchased two (2) Pirate Access Devices, consisting of a printed circuit board device called a "Wildthing 2 Clone Unlooper" and programmer primarily designed to illegally modify DIRECTV Access Cards called a

///

4.

"Viper Reader/Writer," from White Viper. The devices were shipped to Defendant RICHARD BRESLIN at his address in San Jose, California.

15. Defendant SEAN DINH is a resident of San Jose, California. Upon information and belief, beginning in or about April, 1998, Defendant SEAN DINH purchased one or more Pirate Access Devices from White Viper and Avantec. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the United States Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transactions:

(a) On or about April 14, 1998, Defendant SEAN DINH purchased three (3) Pirate Access Devices, consisting of a printed circuit board device, a programmer primarily designed to illegally modify DTV access cards and an illegally modified DIRECTV Access Card called a "Lil Black Box with Blocker and 3M," from Avantec. The devices were shipped to SEAN DINH at his address in San Jose, California.

(b) On or about August 18, 1998, Defendant SEAN DINH purchased two (2) Pirate Access Devices, consisting of an illegally modified DIRECTV Access Card and a printed circuit board device called "An Advanced User CL-6000 and Brick Wall," from Avantec. The devices were shipped to SEAN DINH at his address in San Jose, California.

(c) On or about July 25, 2000, Defendant SEAN DINH purchased a Pirate Access Device, consisting of a printed circuit board device called an "unlooper," from White Viper. The device was shipped to Defendant SEAN DINH at his work address in San Jose, California.

16. Defendant RICHARD A. JOHNSON is a resident of San Jose, California. Upon information and belief, beginning in or about August, 2000, Defendant RICHARD A. JOHNSON purchased one or more Pirate Access Devices from White Viper. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the United States Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transaction:

(a) On or about August 1, 2000, Defendant RICHARD A. JOHNSON purchased two (2) Pirate Access Devices, consisting of a programmer primarily designed to illegally modify DIRECTV Access Cards called a "Viper Reader/Writer" and a printed circuit board device called a "Whiteviper Unlooper," from White Viper. The devices were shipped to Defendant RICHARD A.

5.

JOHNSON at his former address in San Jose, California.

17. Defendant KELSON TRAN is a resident of San Jose, California. Upon information and belief, beginning in or about July, 2000, Defendant KELSON TRAN purchased one or more Pirate Access Devices from White Viper. Defendant placed each order by using interstate or foreign wire facilities, and received Defendant's orders via the United States Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transaction:

(a) On or about July 18, 2000, Defendant KELSON TRAN purchased a Pirate Access Device, consisting of a printed circuit board device called a "Wildthing 2 Clone Unlooper," from White Viper. The device was shipped to Defendant KELSON TRAN at Defendant's address in San Jose, California.

## FIRST CAUSE OF ACTION

## UNAUTHORIZED RECEPTION OF SATELLITE SIGNALS

## IN VIOLATION OF 47 U.S.C. § 605(a)

## (AGAINST ALL DEFENDANTS)

18. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 17 as if set forth fully herein.

19. Each defendant has received and assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization, in violation of 47 U.S.C. § 605(a).

20. Each defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

21. Each defendant knew or should have known that receiving and assisting third persons in receiving DIRECTV's satellite transmissions of television programming without authorization by or payment to DIRECTV was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, each defendant will continue to

6.

violate 47 U.S.C. § 605(a).

## SECOND CAUSE OF ACTION

## UNAUTHORIZED INTERCEPTION OF ELECTRONIC COMMUNICATIONS IN VIOLATION OF 18 U.S.C. § 2511(1)(a)

### (AGAINST ALL DEFENDANTS)

22. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 21 as if set forth fully herein.

23. By using Pirate Access Devices to decrypt and view DIRECTV's satellite transmissions of television programming, each defendant intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, DIRECTV's satellite transmission of television programming, in violation of 18 U.S.C. § 2511(1)(a).

24. Each defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

25. Each defendant knew or should have known that such interception of DIRECTV's satellite transmissions of television programming was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, each defendant will continue to violate 18 U.S.C. § 2511(1)(a).

## THIRD CAUSE OF ACTION

## POSSESSION OF PIRATE ACCESS DEVICES IN VIOLATION OF 18 U.S.C. § 2512(1)(b)

### (AGAINST ALL DEFENDANTS)

26. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 25 as if set forth fully herein.

27. Each defendant has used Pirate Access Devices to decrypt and view DIRECTV's

satellite transmissions of television programming, with intent to avoid payment of the lawful charges therefor, by trick, artifice, deception, use of a device or decoder, and other fraudulent means, without authority from DIRECTV, in violation of 18 U.S.C. § 2512(1)(b).

28. Each defendant has possessed and used Pirate Access Devices, with intent to avoid payment to DIRECTV of the lawful charges for its programming, that are designed in whole or in part to receive subscription television services offered for sale by DIRECTV, without authority of DIRECTV, in violation of 18 U.S.C. § 2512(1)(b).

29. Each defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

30. Each defendant knew or should have known that possessing Pirate Access Devices was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, each defendant will continue to violate 18 U.S.C. § 2512(1)(b).

## FOURTH CAUSE OF ACTION
## CONVERSION
## (AGAINST ALL DEFENDANTS)

31. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 30 as if set forth fully herein.

32. By importing, possessing and using Pirate Access Devices, each defendant has unlawfully converted to their own use and benefit property belonging to DIRECTV.

33. Such conversion was done intentionally and wrongfully by each defendant to deprive DIRECTV of its proprietary interests and for each defendant's direct benefit and advantage.

34. As a direct and proximate result of each defendant's unlawful acts, DIRECTV has suffered and continues to suffer damages, including lost subscription and pay-per-view revenues and

other valuable consideration.

## FIFTH CAUSE OF ACTION

## IMPORTATION OF SATELLITE SIGNAL THEFT DEVICES

## IN VIOLATION OF 47 U.S.C. § 605(e)(4)

## (AGAINST DEFENDANT SEAN DINH)

35. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 34 as if set forth fully herein.

36. Defendant has imported satellite theft signal theft devices without authorization, knowing or having reason to know that such devices are primarily of assistance in the unauthorized decryption DIRECTV's satellite transmissions of television programming, or are intended by Defendant to assist other persons in the unauthorized reception and use of DIRECTV's satellite transmissions of television programming, in violation of 47 U.S.C. § 605(e).

37. Defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

38. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, each defendant will continue to violate 47 U.S.C. § 605(e)(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DIRECTV requests that this Court grant the following relief:

(1) Find the defendants' conduct in importing, possessing and using Pirate Access Devices violates 47 U.S.C. § 605(a) and (e)(4), 18 U.S.C. §§ 2511(1)(a) and 2512(1)(b), and California common law, and further find that defendants' violations were willful, malicious or for a tortious or illegal purpose;

(2) In accordance with 47 U.S.C. § 605(e)(3)(B)(i) and 18 U.S.C. § 2520(b)(1), enjoin and restrain each defendant, and persons controlled directly and indirectly by each defendant, from importing, possessing, or using Pirate Access Devices, and further order each defendant to surrender

9.

1  all Pirate Access Devices;

2      (3)   In the event of a default, an award of statutory damages of $10,000 for each Pirate Access Device possessed and used in violation of 18 U.S.C. 2520 (c)(2) and for each Pirate Access Device imported into the United States in violation of 47 U.S.C. § 605(e)(4), and a further award of DIRECTV's reasonable attorneys' fees and costs of suit;

6      (4)   In the event of trial, an award of either (a) statutory damages in accordance with 47 U.S.C. § 605(e)(3)(C)(i)(II) and 18 U.S.C. § 2520(c)(2), or (b) compensatory and punitive damages in accordance with 47 U.S.C. § 605(e)(3)(C)(i)(I), 18 U.S.C. § 2520(c)(2), and California common law; and DIRECTV's reasonable attorneys' fees and costs in accordance with 47 U.S.C. § 605(e)(3)(B)(iii) and 18 U.S.C. § 2520(b)(3);

11      (5)   For such additional relief as the Court deems just and equitable.

Dated: September 11, 2003

DANNER & MARTYN, LLP

By: _____
Diana S. Ponce-Gomez
Attorneys for Plaintiff DIRECTV, INC.

10.

| | |
|---|---|
| Alan J. Kessel, Esq. (Cal. Bar No.: 130707) <br> Suzanne M. Burke, Esq. (Cal. Bar No.: 188597) <br> Kimberly R. Colombo, Esq. (Cal. Bar No.: 210451) <br> **BUCHALTER, NEMER, FIELDS & YOUNGER** <br> A Professional Corporation <br> 18400 Von Karman Avenue, Suite 800 <br> Irvine, California 92612-0514 <br> Telephone: (949) 760-1121 <br> Facsimile: (949) 720-0182 <br><br> Attorneys for Plaintiff DIRECTV, INC. | **E-filed 10/26/04** |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| DIRECTV, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD BRESLIN, et al., <br><br> Defendants. | CASE NO.: C 03-04173 JF EAI <br><br> Hon. Jeremy Fogel <br><br> [PROPOSED] ORDER GRANTING PLAINTIFF DIRECTV, INC.'S MOTION TO SEVER CLAIMS AGAINST DEFENDANT RICHARD A. JOHNSON <br><br> Date: October 29, 2004 <br> Time: 10:30 a.m. <br> Room: Courtroom 3, 5th Floor |

Having read and considered the Notice of Motion and Motion of Plaintiff DIRECTV, Inc. ("DIRECTV") to Sever Claims Against Defendants RICHARD A. JOHNSON and the Memoranda of Points and Authorities in Support Thereof ("Motion"), and having considered the opposition, if any, oral argument of counsel, and such other pleadings and documents deemed appropriate by the Court, and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

    1. Defendant RICHARD A. JOHNSON is hereby SEVERED from the instant case.

    2. DIRECTV may file a copy of the Complaint filed in this matter, along with the appropriate filing fee, which will serve as the complaint against Defendant RICHARD A. JOHNSON, and the Clerk of Court shall assign a new case number to the Complaint. The copy

of the Complaint will serve as the original complaint in that matter and shall be filed *nunc pro tunc* to November 26, 2003. As such, there will be no statute of limitations defense to the filing of the new complaint. *See Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). DIRECTV's counsel shall clearly indicate on the face of the Complaint that the new Complaint is filed against Defendant RICHARD A. JOHNSON <u>only</u> and a copy of this Order shall be attached.

      3. DIRECTV's counsel shall also provide with the new Complaint a copy of the Certificate of Service of the original Complaint on Defendant RICHARD A. JOHNSON. This Certificate of Service shall serve as proof of service of the Complaint in the new action.

      4. Upon the filing *nunc pro tunc* of the new complaint, Defendant RICHARD A. JOHNSON shall be DISMISSED from the instant case.

      5. Upon the filing of the new Complaint, the newly assigned Judge and/or Magistrate Judge may schedule further proceedings as deemed appropriate.

The hearing scheduled for October 29, 2004 has been vacated.

Dated: 10/26/04

/s/electronic signature authorized
Honorable Jeremy Fogel
United States District Court
Northern District of California

## Kamath, Pia S.

**From:** ECF-CAND@cand.uscourts.gov
**Sent:** Tuesday, October 26, 2004 2:16 PM
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 5:03-cv-04173 DIRECTV, Inc. v. Breslin et al "Order on Motion to Sever"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov

The following transaction was received from jfsec, COURT STAFF on 10/26/2004 at 2:15 PM

**Case Name:** DIRECTV, Inc. v. Breslin et al
**Case Number:** 5:03-cv-4173
**Filer:**
**Document Number:** 47

**Docket Text:**
ORDER by Judge Jeremy Fogel granting [38] Motion to Sever, vacating hearing scheduled for October 29, 2004. (jfsec, COURT STAFF) (Filed on 10/26/2004)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** 03-4173.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=10/26/2004] [FileNumber=1512618-0]
[7f1b3276f54099ea12532a468337b99cb3c9b5f621d896c3888708fe44f161f33466

10/26/2004

eccb6bc1fde144c699015487e3656e7f9341732787185676b0ce6deb5a5e]]

**5:03-cv-4173 Notice will be electronically mailed to:**

Kimberly Rene Colombo    kkatz@buchalter.com

Alan J. Kessel    Akessel@buchalter.com,
sburke@buchalter.com;kosaki@buchalter.com;wjordan@buchalter.com;jecklund@buchalter.com;sshah(

Keli Nicole Osaki    Kosaki@buchalter.com, pkamath@buchalter.com;gpandher@buchalter.com

**5:03-cv-4173 Notice will not be electronically mailed to:**

10/26/2004